UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

NICHOLAS VIDAL,

    Plaintiff,

vs.

24HOUR TIRE SHOP & AUTO    CASE NO.:
CARE SERVICE INC., a
Domestic Profit Corporation,

    <u>Defendant.</u>

<u>COMPLAINT & DEMAND FOR JURY TRIAL</u>

    Plaintiff, NICHOLAS VIDAL, files by and through his undersigned counsel, and hereby sues the Defendant, 24HOUR TIRE SHOP & AUTO CARE SERVICE INC., a Georgia Domestic Liability Company (hereinafter referred to as the "Defendant"), and alleges as follows:

<u>INTRODUCTION</u>

1.    This is an action by the Plaintiff against Defendant for unpaid overtime wages pursuant to the Fair Labor Standards Act ("FLSA"). Plaintiff seeks damages, reasonable attorney's fees, and other relief

under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

2.   This action is brought under the FLSA to recover from Defendant overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

## JURISDICTION

3.   This action arises under the Fair Labor Standards Act, 29 U.S.C. §210, *et. seq.*

4.   The Court has jurisdiction over the FLSA claim pursuant to 29 U.S.C. §216(b).

## VENUE

5.   The venue of this Court over this controversy is proper based upon the claim arising in Clayton County, Georgia.

## PARTIES

6.   Plaintiff was a Tire Technician and performed related activities for Defendant from July 1, 2014 through March 25, 2015 in Clayton County, Georgia.

7.    Defendant, 24HOUR TIRE SHOP & AUTO CARE SERVICE INC., is a Georgia Domestic Liability Company that provides tire services to its customer in Clayton County, Georgia and is therefore, within the jurisdiction of this Court.

## FACTUAL ALLEGATIONS

8.    Plaintiff worked as a Tire Technician for Defendant and performed related activities (i.e. balance out, replace, and repair tires).

9.    Plaintiff worked in this capacity from July 1, 2014 through March 25, 2015.

10.   Plaintiff was paid an hourly rate of eight and 25/100 dollars ($8.25) per hour in exchange for work performed.

11.   Plaintiff routinely worked in excess of forty (40) hours per week as part of his regular job duties.

12.   Plaintiff worked an average of sixty-five (65) hours per week.

13.   Despite working more than forty (40) hours per week, Defendant failed to pay Plaintiff overtime compensation at a rate of no less than time and one half his regular rate of pay for *all*

hours worked over forty in a workweek.

14. Tire Technicians were eligible for overtime provided they worked more than forty (40) hours per week.

15. At all material times during the last three years, Defendant, 24HOUR TIRE SHOP & AUTO CARE SERVICE INC., was an enterprise subject to the FLSA's Provision on overtime wages.

## COVERAGE

16. The Defendant, 24HOUR TIRE SHOP & AUTO CARE SERVICE INC., is a corporation formed and existing under the laws of the State of Georgia and at all times, during Plaintiff's employment, was an employer as defined by 29 U.S.C. §203.

17. Plaintiff was an employee of Defendant and was at all times relevant to the violations of the FLSA (2013-2016), engaged in commerce as defined by 29 U.S.C. §§206(a) and 207(a)(1).

18. At all material times relevant to this action (2013-2016), the Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

19. At all material times relevant to this action (2013-2016), the Defendant made gross earnings of at least five hundred thousand and 0/100 dollars ($500,000.00) annually.

20. At all material times relevant to this action (2013-2016), the Defendant had two (2) or more employees engaged in interstate commerce, producing goods for interstate commerce, or handling, selling or otherwise working on goods or materials that have been moved in or produced for such commerce. (i.e. worked with credit card machines, tires, inflation tools and supplies, etc.).

21. At all material times during the eight months of tenure, Defendant was an enterprise engaged in commerce or in the production of goods for commerce, in that said enterprise has had at least two employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

22. At all material times relevant to this action (2013-2016), the Defendant has been an enterprise involved in interstate commerce

by accepting payments from customers based on credit cards issued by out of state banks.

23. At all material times relevant to this action (2013-2016), Defendant has been in the business of providing tire services to the general public.

24. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendant.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION VERSUS 24HOUR TIRE SHOP & AUTO CARE SERVICE INC.

25. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-24 above as though fully stated herein.

26. Plaintiff, NICHOLAS VIDAL, worked for Defendant from July 1, 2014 through March 25, 2015 as a Tire Technician for Defendant's businesses located in Georgia.

27. Defendant, 24HOUR TIRE SHOP & AUTO CARE SERVICE INC., is a corporation formed and existing under the laws of the

State of Georgia and at all times during Plaintiff's employment was an employer as defined by 29 U.S.C. §203.

28. Throughout Plaintiff's employment, the Defendant repeatedly and willfully violated Section 7 and Section 15 of the FLSA by failing to compensate Plaintiff at a rate not less than one and one-half times the regular rate at which he was employed for workweeks longer than forty (40) hours while it knew that overtime compensation was required under the law.

29. Specifically, Defendant failed to keep accurate time records as required by the FLSA for Plaintiff.

30. Plaintiff demands trial by jury.

WHEREFORE, Plaintiff, NICHOLAS VIDAL, demands judgment against Defendant, 24HOUR TIRE SHOP & AUTO CARE SERVICE INC., for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by him for which Defendant did not properly compensate him, liquidated damages, reasonable attorneys' fees and costs incurred

in this action, and any and all further relief that this Court determines to be just and appropriate.

Dated this 16th day of July, 2016.

> Respectfully submitted,
>
> **/s/ Adian R. Miller, Esq.**
> Adian R. Miller, Esquire
> GABN 794647
> MORGAN & MORGAN, P.A.
> 191 Peachtree Street NE,
> P.O. Box 57007
> Atlanta, GA 30343
> Telephone: (404) 965-8811
> Facsimile: (404) 965-8812
> Email:
> ARMiller@forthepeople.com
> *Attorneys for Plaintiff*